THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EMANUEL BERSON, Appellant.— Defendant appeals from a judgment of the County Court, Kings County, convicting him of criminal contempt of court, under subdivision 6 of section 600 of the Penal Law, and from the sentence imposed. Appellant contends (1) that he was not contumacious in refusing to answer a question which he had been directed to answer by a Judge of the County Court, Kings County, inasmuch as he relied upon the decision and order of the Supreme Court of the State of New York which had annulled a prior adjudication of contempt; (2) that the question was not legal and proper; and (3) that his constitutional rights were violated. Judgment affirmed. No opinion. No separate appeal lies from the sentence, which has been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Adel, MacCrate and Schmidt, JJ., concur; Beldock, J., dissents and votes to reverse the judgment and to dismiss the indictment, with the following memorandum: Defendant is a former New York City policeman, having resigned on February 7, 1951. On May 11, 1953, he was called before the Grand Jury and refused to answer questions respecting his assets or income from the time he left the police department to March 20, 1953, although directed to do so by a County Judge. He was thereupon adjudged in contempt of court. In an article 78 proceeding in the Supreme Court, Kings County, to review the contempt order, the order was vacated by Mr. Justice HART on the ground that the questions propounded to defendant failed to include a limitation restricting them to moneys received after defendant's retirement which related to his activities as a policeman. (*Berson* v. *Goldstein,* 124 N. Y. S. 2d 452.) No appeal was taken therefrom. On October 7, 1953,

defendant was recalled to the Grand Jury and asked whether he had any interest in a named restaurant or bar and grill. Defendant refused to answer. Although directed by a County Judge to do so, defendant again refused to answer the question on October 14, 1953. For that refusal to answer, he was indicted and found guilty of criminal contempt of court, and sentenced to one year in the New York City Penitentiary. In my opinion, the judgment of conviction should be reversed and the indictment dismissed. When the assistant district attorney asked defendant whether he had any interest in the named restaurant, there was not included in that question any limitation restricting that interest to moneys relating to his activities as a policeman. It may be that the assistant district attorney intended to follow a possible affirmative answer to that question with other questions seeking to show that the financial interest, if any, which defendant had in the restaurant stemmed from bribe moneys received by him as a policeman. On the other hand, the question as asked could call for an affirmative answer whether the moneys, if any, which defendant invested were or were not bribe moneys. If they were not bribe moneys, the assistant district attorney had no right to ask defendant the question. Unless the question asked by the assistant district attorney contained the limitation which Mr. Justice HART held must be included in the question, defendant had the right to rely on the opinion of Mr. Justice HART, and his refusal to answer the question unless it contained that limitation (which under similar circumstances was held not to be contempt then) may not be held to have been contemptuous in October, 1953.